Wasantha SURESH, Petitioner,

v.

U.S. DEPT. OF JUSTICE, Attorney General Gonzales,[1] Respondents.

No. 03–40208–ag.

United States Court of Appeals, Second Circuit.

Nov. 8, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

James R. Dedrick, United States Attorney for the Eastern District of Tennessee, Tammy Owens Combs, Assistant United States Attorney, Chattanooga, Tennessee, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL, and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioner Wasantha Suresh, a native and citizen of Sri Lanka, seeks review of a June 26, 2003 order of the BIA denying his motion to reconsider the BIA's March 3, 2003 affirmance of the March 2, 2000 decision of Immigration Judge ("IJ") Alan A. Vomacka, denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wasantha Suresh*, No. A 74 854 119 (B.I.A. June 26, 2003).

This Court reviews the BIA's denial of a motion to reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

▇▇▇ This Court lacks jurisdiction to review a BIA member's decision to resolve a particular appeal unilaterally, and without opinion, pursuant to 8 C.F.R. § 1003.1(e)(4), rather than referring it to a three-member panel, *Kambolli v. Gonzales*, 449 F.3d 454, 463 (2d Cir.2006). However, Suresh correctly argues in his brief to this Court that his motion to reconsider gave adequate notice that he was also contesting the IJ's credibility finding, but that challenge is rejected because remand would be futile. *See Alam v. Gonzales*, 438 F.3d 184, 187–88 (2d Cir.2006) (extending the futility exception to the Court's review of IJ and BIA denials of

motions to reopen). Since the BIA does not abuse its discretion by denying a motion to reconsider where the motion merely repeats arguments that the BIA has previously rejected, *see Jin Ming Liu v. Gonzales,* 439 F.3d at 111, the Court can confidently predict that if the BIA had considered Suresh's claims with regard to the IJ's adverse credibility finding, it would have found the arguments duplicative.

■ Suresh concedes that he did not expressly challenge the IJ's determination concerning whether he had submitted a frivolous application, but he argues that such a challenge was necessarily subsumed within his challenge to the IJ's adverse credibility finding, and that this Circuit's law requires a remand. *See Yuanliang Liu v. United States Dep't of Justice,* 455 F.3d 106 (2d Cir.2006). The Government states in its brief that it does not oppose a remand for the BIA to reconsider the frivolous application issue. Because a finding of frivolousness has consequences, including a permanent bar on future immigration benefits, we remand to the BIA to reconsider (under appropriate standards) the IJ's ruling that the application was frivolous.

For the foregoing reasons, we DENY the petition for review with respect to the BIA's decision to affirm the IJ's decision without opinion by a single Board Member and the IJ's adverse credibility ruling, we GRANT the petition for review with respect to the finding of frivolousness, and we VACATE that finding and REMAND the case to the BIA for further proceedings consistent with this opinion. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).