11-1673-ag
Suresh v. Holder

BIA
A074 854 119

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of April, two thousand twelve.

PRESENT:
    RALPH K. WINTER,
    ROBERT A. KATZMANN,
    RICHARD C. WESLEY,
        Circuit Judges.

_____

WASANTHA SURESH,
        *Petitioner*,

        v.                                          11-1673-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Benjamin B. Xue, New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Cindy S. Ferrier, Assistant
                       Director; Kimberly A. Burdge, Trial
                       Attorney, Office of Immigration
                       Litigation, Civil Division, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wasantha Suresh, a native and citizen of Sri Lanka, seeks review of a March 31, 2011 order of the BIA denying his motion to reopen. *In re Wasantha Suresh*, No. A074 854 119 (B.I.A. Mar. 31, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008). Here, because Suresh filed his motion to reopen more than 90 days after the BIA issued a final order of removal in his case, he was required to show changed circumstances in Sri Lanka to excuse the untimely filing. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii).

2

In support of his motion, Suresh submitted several reports which he argued established a material change in Sri Lanka by demonstrating that, since the end of the civil war in May 2009, the Sri Lankan government has begun targeting suspected Tamil Tigers ("LTTE") sympathizers. However, the reports provide only limited support for that assertion. Two of the reports, addressing a proposed constitutional amendment and alleged war crimes in the last months of the civil war, have no bearing on the treatment of LTTE sympathizers after the war. The other two reports are an embassy advisory mentioning the detention of some former LTTE members and a report discussing police brutality and the use of anti-terrorism legislation to silence critics of the government. By contrast, the 1999 State Department report submitted in support of Suresh's original asylum application describes the widespread torture and arbitrary arrest of Tamils at the hands of the Sri Lankan authorities, and so the BIA did not err in concluding that conditions in Sri Lanka have not deteriorated since Suresh's original asylum proceedings. Accordingly, because substantial evidence supports the agency's finding that Suresh did not establish material changed country conditions, the BIA did

3

not abuse its discretion in denying his motion to reopen as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i),(ii).

Moreover, as the BIA noted, Suresh offered no evidence to rebut the IJ's previous adverse credibility determination, which we affirmed on appeal.  *See Suresh v. U.S. Department of Justice*, 204 F. App'x 935 (2d Cir. 2006). Accordingly, the BIA reasonably declined to credit the affidavits Suresh submitted in support of his motion to reopen, in which he, his sister, and his uncle suggested that the Sri Lankan authorities viewed him as an LTTE sympathizer.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148-149 (2d Cir. 2007) (holding that the BIA did not abuse its discretion in declining to credit documents submitted in support of motion to reopen where the alien had been found not credible by the IJ).  Therefore, even if Suresh's submissions had established a change in the Sri Lankan government's treatment of suspected LTTE sympathizers, he would not have been eligible for relief.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4